### HOWERTON v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted March 6, 1923. Decided May 7, 1923.)

No. 3926.

1. **Physicians and surgeons ⚮6(½)—Osteopathy is within exception of physicians from requirement of license to practice podiatry.**

The science of osteopathy has become sufficiently established to justify the classification of its practitioners within the exception of the regular practicing physicians from Act May 23, 1918, making it unlawful for any person, except regular practicing physicians, to practice podiatry without having passed an examination, and, even if not, an osteopath, who had practiced since 1909, would be within the exception of those who had practiced podiatry during the past year.

2. **Physicians and surgeons ⚮6(1)—Act requiring examination of podiatrists does not apply to practice of recognized branch of medicine; "podiatry."**

Act May 23, 1918, making it unlawful to practice podiatry in the District without having passed an examination, and defining "podiatry" as the surgical, medical, and mechanical treatment of any ailment of the human foot, except amputation, was not intended to interfere with the general practice of any recognized branch of medical science.

Writ of Error to the Police Court of the District of Columbia.

Thomas J. Howerton was convicted of practicing podiatry without having first passed the examination required by law, and he brings error. Reversed and remanded, with instructions to discharge the defendant.

Charles S. Baker, of Washington, D. C., for plaintiff in error.

Francis H. Stephens and Frank W. Madigan, both of Washington, D. C., for the District of Columbia.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on writ of error to the police court of the District of Columbia. The District charged plaintiff in error, Thomas Howerton, with practicing podiatry in the District of Columbia, without having first passed the examination required by law.

It appears that plaintiff in error, a graduate of the American School of Osteopathy at Kirksville, Mo., has been practicing his profession in

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this city for 12 years. "The Medical Practices Act" (29 Stat. 198), passed in 1896, makes no provision for the examination of osteopaths; hence their right to practice in the District of Columbia has not been questioned.

It appears, from an agreed statement of facts filed herein, that plaintiff in error treated one Glover, also a practicing osteopath in this city, for a sprained foot—

"the treatment consisting in the first instance of simple massage or manipulation with the bare hands, and in the second instance of similar massage, except that the defendant used on one hand a small device to assist in the manipulation, said device consisting of a rubber nodule held in place in the palm of the hand by means of a leather band bound around the palm; the use of such nodule enabling the operator to more easily and effectively manipulate the bones and tissues of the foot."

The Act of Congress of May 23, 1918 (40 Stat. 560), among other things, provides:

"That from and after the passage of this act it shall be unlawful for any person, for compensation, to practice podiatry in the District of Columbia without first successfully having passed such examination concerning his fitness as the health officer of the District of Columbia may prescribe. The health officer aforesaid shall conduct the examination. * * * None of the provisions of this act shall apply to regular practicing physicians or surgeons. Neither shall they apply to podiatrists who have been practicing podiatry in the District of Columbia for one year next preceding the approval of this act. Podiatry [or chiropody] is hereby defined to be the surgical, medical or mechanical treatment of any ailment of the human foot, except the amputation of the foot or any of the toes, and, also, except the use of an anesthetic other than a local one."

[1] Plaintiff in error has been practicing osteopathy in this District since 1909, and during that period has treated the feet of his patients when he found it necessary to do so. It follows, we think, that the method used is one common among osteopaths, and in using it plaintiff in error was practicing osteopathy and not podiatry. The science of osteopathy has become sufficiently established to justify the classification of its practitioners within the exception to the act, "regular practicing physicians."

However, as suggested by counsel for plaintiff in error, if he was practicing podiatry, and not osteopathy, inasmuch as his practice had extended from 1909 up to the present time, he would come within the clause of the act excepting from its provisions "podiatrists who have been practicing podiatry in the District of Columbia for one year next preceding the approval of this act" (act of 1918).

[2] We are of opinion that the act is not intended to interfere with the general practice of any recognized branch of medical science; nor that a general practitioner, in any established branch of medical science, shall be limited in the treatment of his patients to all parts of the body except the foot, which, except in cases of surgical treatment involving amputation, shall be reserved for the podiatrist. Plaintiff in error was merely pursuing the practice of his profession within lawful limits, and was guilty of no infringement of the law.

The judgment is reversed, with costs, and the cause remanded, with instructions to discharge the defendant.